UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-119-RLV
(5:03-cr-37-RLV-DCK-7)

| | |
|---|---|
| MICHAEL CHRISTOPHER CORPENING, ) ) Petitioner, ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Petitioner also seeks alternative relief under 28 U.S.C. § 2241 or under the writs of error coram nobis and audita querela. Petitioner is represented by Steven T. Meier. For the reasons that follow, the § 2255 petition will be dismissed as untimely. Furthermore, Petitioner is not entitled to relief under any of his alternative grounds for relief.

    **I.  BACKGROUND**

On August 26, 2003, the Grand Jury for the Western District of North Carolina charged Petitioner, along with fifteen codefendants, with conspiracy to possess with intent to distribute at least fifty grams of crack cocaine and at least five kilograms of powder cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Criminal Case No. 5:03-cr-37, Doc. No. 3: Sealed Indictment; Doc. No. 4: Information Pursuant to 21 U.S.C. § 841(b)). On March 30, 2005, Petitioner entered into a written plea agreement in which he agreed to plead guilty to the drug conspiracy charge. (Id., Doc. No. 293: Plea Agreement). As part of the agreement, Petitioner

1

waived his right to challenge his conviction and sentence in a direct appeal or collateral attack, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 4-5).

Consistent with his plea agreement, Petitioner pled guilty before a federal magistrate judge in a hearing held on May 2, 2005, and conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Id., Doc. No. 303: Acceptance and Entry of Guilty Plea). Petitioner acknowledged that he was, in fact, guilty of the drug conspiracy offense and affirmed that he understood he was expressly waiving the right to challenge his conviction and sentence in a post-conviction proceeding. (Id. at 4). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. (Id. at 5).

In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating a guidelines range of 292 to 365 months in prison, based on a total offense level of 35 and a criminal history category of VI. See (Id., Doc. No. 373: Motion for Downward Departure). In calculating the guidelines range, the probation officer determined that Petitioner qualified as a career offender under § 4B1.1 of the guidelines in light of Petitioner's two prior felony convictions for a crime of violence. (Id., PSR at 10). Specifically, Petitioner had a 1992 conviction for assault on a female in Burke County and a 1993 conviction for assault on a government official in Wayne County. (Id. at 11-12).

Before sentencing, the Government filed a motion for downward departure, pursuant to § 5K1.1 of the guidelines, recommending a sentence of 216 months in light of Petitioner's substantial assistance. (Id., Doc. No. 373 at 3). At sentencing, this Court granted the Government's motion and departed downward even further, sentencing Petitioner to 196 months

in prison. (Id., Doc. No. 377: Judgment). This Court entered judgment on May 26, 2006, and Petitioner did not appeal. On February 17, 2009, this Court granted Petitioner's first motion under 18 U.S.C. § 3582, reducing Petitioner's sentence to 176 months in prison in light of retroactively applicable amendments to the crack cocaine guidelines. (Id., Doc. No. 479: Order). On May 10, 2012, this Court denied Petitioner's second § 3582 motion, concluding that his amended offense level following additional retroactive amendments to the crack cocaine guidelines remained unchanged due to his career-offender status. (Id., Doc. No. 578: Order).

Petitioner filed the pending motion to vacate through counsel on August 17, 2012. In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner contends that his two assault convictions no longer qualify as felonies in light of Simmons. On December 2, 2013, this Court ordered the Government to respond, and the Government filed its brief in response on January 31, 2014. (Doc. Nos. 5; 7).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A.  Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, Petitioner's judgment became final when his time for filing a notice of appeal expired ten days after this Court entered judgment on May 26, 2006. See FED. R. APP. P. 4 (2006). Petitioner's motion to vacate, filed more than six years later, is untimely under § 2255(f)(1), and none of the other subsections applies to render the petition timely. Furthermore, Petitioner has not presented sufficient grounds for the Court to apply equitable tolling. That is, regardless of whether Petitioner's prior convictions qualify as felony convictions after Simmons, Petitioner was sentenced to a downward departure sentence that was within the statutory maximum provided for his offenses. See 21 U.S.C. § 841(b)(1)(A) (establishing a statutory range of ten years to life in prison). Thus, enforcement of the statute of limitations is not unconscionable, nor will it result in gross injustice.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim

is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. Petitioner has not presented a claim of ineffective assistance of counsel or prosecutorial misconduct. Accordingly, neither of these exceptions applies, and Petitioner's motion is subject to dismissal based on this alternative ground.

Finally, even if the petition were not time-barred, and even if Petitioner had not waived the right to bring his Simmons claim, his Simmons claims nevertheless would fail on the merits because his assault offenses were punishable by more than a year in prison and, therefore, do not implicate Simmons.[1] As to Petitioner's

---

[1] At the time of his convictions, assault on a female and assault on a government official were both punishable by up to two years in prison. See N.C. GEN. STAT. § 14-33(b)(2) (1992); id. § 14-33(b)(8) (1993).

5

alternative grounds for relief under 28 U.S.C. § 2241 or under the writs of error coram nobis and audita querela, Petitioner is not entitled to relief under any of these alternative grounds because he waived the right in his plea agreement to bring a Simmons claim.[2]

In sum, for the reasons stated herein, Petitioner is not entitled to relief under § 2255 or under his alternative grounds for relief.

IV. **CONCLUSION**

In sum, for the reasons stated herein, Petitioner's § 2255 motion is untimely, and the petition will therefore be dismissed. Furthermore, Petitioner is not entitled to relief under any of his alternative grounds.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED** as time-barred. Furthermore, Petitioner is not entitled to relief under any of his alternative grounds.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a

---

[2] In any event, Petitioner could not use any of these alternative grounds for relief based on a potential claim under Simmons. As to potential relief under 28 U.S.C. § 2241, alternative relief under § 2241 would not be available because Petitioner is not challenging the legality of his conviction; rather, he challenges his sentence which he contends was based on a prior conviction that he asserts is no longer properly considered in calculating a sentencing enhancement. Next, as to relief under the writ of error coram nobis, this remedy is only available to petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996). Finally, as to relief under the writ of audita querela, a time-barred § 2255 petition is not the type of "gap" in federal post-conviction remedies for which this writ may be used. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).

constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 24, 2014

Richard L. Voorhees
United States District Judge